**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JOSEPH FRIEND,**

    Plaintiff,

**v.**                                                              **CIVIL ACTION NO. 3:12-CV-17
(JUDGE GROH)**

**REMAC AMERICA, INC.,**

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S RESPONSE/CROSS-MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### I. Introduction

This matter is currently before the court on Plaintiff's Motion for Partial Summary Judgment on the Issue of Plaintiff's Burden of Proof [Doc. 35], filed on October 9, 2012. Defendant, Remac America, Inc., filed its Response/Cross-Motion for Partial Summary Judgment on the Issue of the Cause of Action which Plaintiff is Allowed to Bring [Doc. 38] on October 23, 2012. Plaintiff filed a Response to Defendant's Cross Motion for Partial Summary Judgment and a Reply in Support of Plaintiff's Motion for Partial Summary Judgment [Doc. 40] on November 5, 2012. Defendant filed its Reply to Plaintiff's Response [Doc. 41] on November 13, 2012. Thus, these motions are ripe for the Court's review. For the following reasons, the Court **GRANTS** Defendant's Response/Cross-Motion for Summary Judgment [Doc. 38] and **DENIES** Plaintiff's Motion for Partial Summary Judgment on the Issue of Plaintiff's Burden of Proof [Doc. 35].

## II. Factual Background

In August 2009, Maryland corporation Remac America, Inc. ("Remac") hired Mineral County, West Virginia, resident Joseph Friend ("Friend") to work at its scrap tire facility in Brandywine, Maryland. On January 29, 2010, Friend moved to Remac's facilities in West Virginia. On March 26, 2010, Friend suffered a head injury when the chain hook attached between two bull dozers broke, causing the end of the chain to fly back and strike him in the head. At the time of his injuries, Friend was working at a site near Martinsburg, Berkeley County, West Virginia for Defendant Remac.

Friend concurrently filed claims for workers' compensation benefits in West Virginia and Maryland, though Remac only had workers' compensation insurance coverage in Maryland. The West Virginia Workers' Compensation Uninsured Employers' Fund accepted Friend's claim for payment on May 11, 2010. The Maryland Injured Workers' Insurance Fund ("IWIF") accepted Friend's claim for payment by letter dated December 8, 2010.

Meanwhile, the West Virginia Offices of the Insurance Commissioner ("OIC") filed state actions in West Virginia and Maryland against Remac to recover more than $24,000 of medical benefits it paid to Friend since May 2010. In October 2010, these lawsuits were resolved pursuant to a Global Agreement and Settlement with Release entered into among Remac, Friend, the Maryland IWIF, and the West Virginia OIC. The Maryland IWIF agreed to reimburse the West Virginia Fund for the paid medical benefits. Remac agreed to pay the West Virginia OIC a fine of $10,000 and the costs of litigation. Friend agreed to "withdraw, as though it were never filed, his West Virginia workers' compensation claim . . . and to waive his right to receive any additional West

Virginia workers' compensation benefits from the [West Virginia] Fund as of October 1, 2011." [Doc. 5-32 at 7]. However, Friend "specifically preserve[d] his right to bring a civil action under W. Va. Code § 23-4-2(d)(2)(ii)," which is a deliberate intent action. *Id.*

### III. Procedural Background

Friend filed his Complaint in the Circuit Court of Berkeley County, West Virginia on January 24, 2012. Remac filed a Notice of Removal within thirty days after it was served with the Complaint [Doc. 1]. Friend is a citizen of West Virginia, and Remac is a Maryland corporation with its principal place of business in Maryland. Remac asserts that the matter in controversy exceeds $75,000. Thus, this case was removed pursuant to diversity jurisdiction.

On March 6, 2012, Remac filed a Motion to Dismiss or in the alternative, Motion for Summary Judgment [Doc. 4]. Friend responded on March 20, 2012 [Doc. 7]. On April 3, 2012, Remac filed its reply [Doc. 10]. On May 7, 2012, this Court entered its Order denying Remac's Motion to Dismiss as Converted to a Motion for Summary Judgment [Doc. 16]. The Court held that the language of West Virginia Code § 23-2-1c(c) did not preclude Friend's civil action because the statutory language applies only when "the employee is a resident of a state *other than this State* . . . ." [Doc. 16, at 7]. The Court held that Friend is a West Virginia resident; thus, Remac's reliance on West Virginia Code § 23-2-1c(c) was misplaced as it applies only when a non-resident employee is involved.

On October 9, 2012, Friend filed a Motion for Partial Summary Judgment on the Issue of Plaintiff's Burden of Proof [Doc. 35]. On October 23, 2012, Remac filed a Response/Cross Motion for Partial Summary Judgment on the Issue of the Cause Which Plaintiff is Allowed to Bring [Doc. 38]. On November 5, 2012, Friend filed his response in

3

opposition to Remac's cross motion [Doc. 40]. On November 13, 2012, Remac filed its reply [Doc. 41]. Thus, both motions are ripe for the Court's review.

## IV. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. *See* **FED. R. CIV. P. 56.** Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Celotex Corp. v. Catrett**, 106 S. Ct. 2548, 2552, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 106 S. Ct. 2505, 2510, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 106 S. Ct. at 2511, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 106 S. Ct. 1348, 1356, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. **FED. R. CIV. P. 56(c)**; **Celotex Corp.**, 166 S. Ct. at 2552-54, 477 U.S. at 323-25; **Anderson**, 106 S. Ct. at 2510, 477 U.S. at 248. "If the

evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 106 S. Ct. at 2511; 477 U.S. at 249 (citations omitted).

When both parties file motions for summary judgment, as here, the court applies the same standards of review. **ITCO Corp. v. Michelin Tire Corp**., 722 F.2d 42, 45 n. 3 (4th Cir. 1983) ("The court is not permitted to resolve issues of material facts on a motion for summary judgment–even where . . . both parties have filed cross motions for summary judgment.") (emphasis omitted), *cert. denied,* 469 U.S. 1215 (1985). A motion for summary judgment should be denied "if the evidence is such that conflicting inferences may be drawn therefrom, or if reasonable men might reach different conclusions." **Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co.**, 381 F.3d 245 (4th Cir. 1967); *see also* **Anderson**, 106 S. Ct. at 2513, 477 U.S. at 253 (noting that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

## V. Discussion

In this case, cross motions for summary judgment have been filed on the issue of Friend's burden of proof. There are no genuine facts in dispute regarding this issue, and the issue is purely a matter of law as the Court is interpreting a statute. Friend contends that he may pursue a negligence action against Remac because the West Virginia OIC made a finding that Remac was required by West Virginia law to subscribe and pay premiums for West Virginia Workers' Compensation insurance coverage and Remac failed to do so. Thus, Friend argues that Remac is stripped of its immunity under the Workers' Compensation Act pursuant to West Virginia Code § 23-2-8.

5

Remac argues that Friend, pursuant to the Global Agreement and Settlement With Release that both parties entered into, waived his right to bring a claim against Remac in simple negligence because Friend specifically preserved only his right to bring a deliberate intent action pursuant to W. Va. Code § 23-4-2(d)(2)(ii). Thus, Remac contends that under the plain and unambiguous language of the settlement and release agreement, Friend is permitted to pursue only a deliberate intent action against Remac. The crux of the issue is whether the Global Agreement and Settlement With Release is void under West Virginia Workers' Compensation Act, and, if not, whether the settlement agreement restricts Friend to pursuing a deliberate intent action against Remac.

### A. Settlement Agreement

Applying West Virginia law, if a statute is clear and unambiguous, the court must apply the statutory language as written. *State v. Boatright*, 399 S.E.2d 57, 58 (W. Va. 1990). If the statute is ambiguous, the primary goal is to determine the legislative intent, looking first to the language of the statute. *Smith v. State Workmen's Compensation Comm'r*, 219 S.E.2d 361, 365 (W. Va. 1975). In this case, there are two statutes at issue: West Virginia Code sections 23-5-7 and 23-2-7. The statutes are part of the Workers' Compensation Act, and the West Virginia Supreme Court of Appeals has noted that the Act is "remedial in its nature, and must be given a liberal construction to accomplish the purpose intended." *Repass v. Workers' Compensation Div.*, 569 S.E.2d 162, 168 (W. Va. 2002).

The Act voids any contract between an employer and employee that waives the

Act's burdens or benefits . See **W. VA. CODE § 23-2-7.** The language in West Virginia Code § 23-2-7 is very broad, and it provides:

> No employer or employee shall exempt himself from the burden or waive the benefits of this chapter by *any* contract, agreement, rule or regulation, and *any* such contract, agreement rule or regulation shall be pro tanto void.

**W. VA. CODE § 23-2-7** (emphasis added). However, the Act specifically permits the compromise and settlement of workers' compensation claims. West Virginia Code section 23-5-7 provides, in pertinent part:

> With the exception of medical benefits for nonorthopedic occupational disease claims, the claimant, the employer and the workers' compensation commission, the successor to the commission, other private insurance carriers and self-insured employers, whichever is applicable, *may negotiate a final settlement of any and all issues in a claim* wherever the claim is in the administrative or appellate processes. . . . ***Except in cases of fraud, no issue that is the subject of an approved settlement agreement may be reopened by any party***, including the commission, the successor to the commission, other private insurance carriers and self-insured employers, whichever is applicable.

**W. VA. CODE § 23-5-7** (emphasis added).

Although the Act specifically states that any contract or agreement is void if it waives the benefits of the Act, the section of the Act providing for compromise and settlement agreements would be rendered meaningless if section 23-2-7 could be applied to invalidate final settlements under section 23-5-7 because a compromise or settlement necessarily entails waiving some of the benefits of the Act. The West Virginia Supreme Court of Appeals has never applied section 23-2-7 to void a final compromise or settlement agreement made pursuant to section 23-5-7. Rather, the West Virginia Supreme Court of Appeals has utilized section 23-2-7 to void an

7

employment contract that required an employee to file workers compensation claims under the laws of another state as a prerequisite to employment. ***Jenkins v. Sal Chem. Co.***, 280 S.E.2d 243, 244 (W. Va. 1981) (holding that "[i]f [the Court] permitted an employer to waive West Virginia law by agreement, without legislative authority or statutory compliance, [the Court] would do a grave disservice to West Virginia employees."). In ***Jenkins***, Sal Chemical Company and its employee, Donald Jenkins, entered into a contract stating that Jenkins would file any work-related injury claims exclusively under Ohio's Workmens' Compensation Act. ***Id.*** After Jenkins was injured at the employer's plant, located in West Virginia, Jenkins sought compensatory damages from his employer for negligence and loss of consortium in the Brooke County Circuit Court in West Virginia. ***Id.*** The employer argued that the contract barred Jenkins' suit in West Virginia. ***Id.*** The West Virginia Supreme Court of Appeals held that the contract was void as it attempted to waive the employer's burdens and the employee's benefits under the Act. ***Id.***

Here, unlike the contract at issue in ***Jenkins***, the settlement agreement entered into by Remac and Friend is specifically provided for by statute under West Virginia Code section 23-5-7. The West Virginia Supreme Court of Appeals has held that "[a]ny contract between an employer and employee, ***not specifically provided for by statute,*** that waives the burdens or benefits of the Workmen's Compensation Act, is void." ***Kanawha Valley Power Co. v. Justice***, Syl. Pt. 2, 383 S.E.2d 313 (W. Va. 1989). Thus, the settlement agreement was specifically provided for under the Act, and section 23-2-7 does not invalidate the settlement agreement.

8

B.  **Friend's Burden of Proof**

The next issue is whether Friend must pursue a deliberate intent cause of action or may pursue a negligence cause of action. Friend made two claims for workers' compensation benefits after the accident: one in West Virginia and one in Maryland. Friend, in settling his West Virginia workers' compensation claim, executed the settlement agreement, which contractually transferred his workers' compensation claim to Maryland's IWIF program as his sole source of workers' compensation benefits. However, the agreement specifically preserved his right to bring a deliberate intent cause of action against REMAC pursuant to West Virginia Code section 23-4-2(d)(2)(ii).

The West Virginia Supreme Court of Appeals has held that "'[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent.'" Syl. Pt. 2, ***Cabot Oil & Gas Corp. v. Lawson Heirs, Inc.***, 705 S.E.2d 806 (W. Va. 2010). As established above, the settlement agreement is proper because Friend and Remac negotiated a final settlement of the claim pursuant to West Virginia Code section 23-5-7. The plain and unambiguous language of the settlement agreement permits Friend to file only a deliberate intent action, and the statute prohibits a party from reopening any issue of an approved settlement agreement absent a showing of fraud. **W. VA. CODE § 23-5-7** ("Except in cases of fraud, no issue that is the subject of an approved settlement agreement may be reopened by any party . . . ."). Friend has made no allegation or showing of fraud to permit the reopening of any issues addressed by the settlement agreement. Accordingly, Friend is restricted to

filing a deliberate intent action and is prohibited from filing a negligence action against his employer pursuant to the terms of the settlement agreement.

### VI. Conclusion

For the foregoing reasons, this Court hereby **GRANTS** the Defendant's Response/Cross-Motion for Partial Summary Judgment on the Issue of the Cause of Action Which Plaintiff is Allowed to Bring and **DENIES** the Plaintiff's Motion for Partial Summary Judgment on the Issue of Plaintiff's Burden of Proof.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: February 14, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE