**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JOSEPH FRIEND,**

    Plaintiff,

**v.**                                   **CIVIL ACTION NO. 3:12-CV-17
(JUDGE GROH)**

**REMAC AMERICA, INC.,**

    Defendant.

## ORDER GRANTING JOINT MOTION TO EXTEND DEADLINES

On February 28, 2014, the parties jointly filed a motion to extend certain deadlines in the pending case [Doc. 66]. In that motion, the parties request that the Court enter an Order extending the following deadlines in the case: examinations and inspections; discovery completion, Federal Rule of Civil Procedure 26(a)(3) disclosures and objections thereto, and motion practice/dispositive motions.

In support of their motion to extend certain deadlines, the parties state that they have engaged in substantial discovery, including taking depositions, exchanging written discovery in the form of interrogatories, completing requests for production of documents and requests for admissions, and working to complete evaluations of Plaintiff's alleged injuries. However, the parties state that, despite their diligent efforts, there are still depositions of witnesses that need to be taken and finished which have not been taken or finished yet due to the respective schedules of counsel and the witnesses.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Pursuant to Local Rule of Civil

Procedure 16.01(f), a scheduling order may be modified "for cause by order." However, Federal Rule of Civil Procedure 6(b) provides that although time may be extended for good cause, if a motion is made after the time or deadline has expired, then the movant must show "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

In this case, the parties have requested the Court extend the time for a deadline after it has expired. The examinations and inspections deadline was January 31, 2014, and the parties did not move for its extension until February 28, 2014. However, the parties represent that one of the key reasons for requesting the extension is due to their inability to finish taking the depositions of REMAC's expert witnesses and one of Plaintiff's expert witnesses. Additionally, due to unforeseen circumstances, REMAC's expert witness in Vocational Rehabilitation has recently become unavailable. Therefore, REMAC, in a separate motion, requested that this Court permit it to substitute its witness, and the Court granted its request in a previous order. Accordingly, the Court finds excusable neglect to permit the extension of the examinations and inspections deadline.

The parties have also demonstrated good cause to remove the following deadlines: discovery completion, motion practice/dispositive motions, and Federal Rule 26(a)(3) disclosures and the objections thereto. The extension of these deadlines will not impact the pretrial conference or trial date, and the parties agree that they are not prejudiced by the requested extension of deadlines. Accordingly, the Court finds good cause to **GRANT** the extension of the aforementioned deadlines.

The Court will issue a Second Amended Scheduling Order containing the extension of the requested deadlines.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or pro se parties.

**DATED:** March 12, 2014

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE