IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JOSEPH FRIEND,

    Plaintiff,

v.                                                       CIVIL ACTION NO. 3:12-CV-17
                                                                   (JUDGE GROH)

REMAC AMERICA, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING CHESAPEAKE EMPLOYERS' INSURANCE COMPANY'S MOTION FOR LEAVE TO INTERVENE

On April 30, 2014, Chesapeake Employers' Insurance Company ("Chesapeake") filed a motion to intervene in this action. Defendant REMAC America Inc. ("REMAC") has a workers' compensation and employers' liability policy with Chesapeake. On May 1, 2014, REMAC filed a response to Chesapeake's motion to intervene stating it did not oppose the motion. Plaintiff Joseph Friend did not file a response. Therefore, Chesapeake's motion to intervene is ripe for this Court's review.

### I. BACKGROUND

On January 24, 2012, Plaintiff filed his Complaint in the Circuit Court of Berkeley County, West Virginia. His Complaint arose from a head injury he suffered in the course of his employment while working in Berkeley County, West Virginia at a REMAC job site.

Chesapeake is the successor to the Injured Workers' Insurance Fund, which

1

issued a Policy of Workers' Compensation and Employers' Liability Insurance (Policy Number 4124376) to REMAC for its Maryland operations. The policy was in effect from March 19, 2010 to March 19, 2011. REMAC submitted a claim under this policy to Chesapeake for Plaintiff's injuries.

On February 28, 2012, the Injured Workers' Insurance Fund issued a reservation of rights letter to REMAC based on the location of REMAC's job site in West Virginia when Plaintiff suffered his injury and the policy's language prohibiting coverage in states other than Maryland. Chesapeake also has a reservation of rights in effect as to the defense of REMAC and any potential indemnification. At this point, Plaintiff's Maryland workers' compensation claim remains open, and the amount of his benefits under the workers' compensation policy has not been finalized. Therefore, based on Chesapeake's continued interest in this matter, Chesapeake has now moved to intervene.

## II. DISCUSSION

Chesapeake moves to intervene in this action pursuant to Federal Rule of Civil Procedure 24. The Court notes that it analyzes Chesapeake's motion to intervene in the context of the Fourth Circuit's policy favoring "liberal intervention" and preventing the "problem of absent interested parties." Feller v. Brock, 802 F.3d 722, 729 (4th Cir. 1986).

### A. Applicable Law

Rule 24(a) provides for intervention of right. Upon a timely motion, the court must permit a party to intervene who:

2

> (1) is given an unconditional right to intervene by federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

## B. Analysis

Chesapeake does not rely upon a federal statute that provides it an unconditional right to intervene. Therefore, this Court analyzes whether Chesapeake may intervene as a matter of right pursuant to Rule 24(a)(2). The Fourth Circuit has interpreted Rule 24(a)(2) to entitle an applicant to intervene as a matter of right if the applicant can show: (1) its application was timely; (2) it possesses an interest in the subject matter of the litigation; (3) without intervention, its interest would be impaired, and (4) that its interest is not adequately protected by the existing parties. Richman v. First Woman's Bank (Matter of Richman), 104 F.3d 654, 659 (4th Cir. 1997); Teague v. Bakker, 931 F.2d 259, 260 (4th Cir. 1991).

### 1. Timeliness of Motion

This Court has discretion to determine whether Chesapeake's motion is timely, which will not be disturbed on appeal unless there is an abuse of discretion. See Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989). The Fourth Circuit stated that "[a] reviewing court should look at how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." Gould, 883 F.2d at 281 (citations omitted). The most important factor, though, is "whether the delay in moving for intervention will prejudice the existing parties

3

to the case. If prejudice is found, the motion will be denied as untimely." United States v. Exxonmobil Corp., 264 F.R.D. 242, 248 (N.D.W. Va. 2010) (citing 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil § 1916, at 541-49 (3d ed. 2007)).

Delay in moving for intervention will not prejudice the existing parties in this case. First, since the removal of this suit, all parties have known of Plaintiff's Maryland workers' compensation claim, including the interests of the Injured Workers' Insurance Fund, the predecessor to Chesapeake. Second, the parties did not object to Chesapeake's intervention as untimely. Finally, the trial in this matter is not scheduled until August 26, 2014. Therefore, Chesapeake moved to intervene several months prior to the trial date.

### 2. Significant Interest

The Supreme Court recognized that "'[w]hat is obviously meant . . . is a significantly protectable interest.'" Teague, 931 F.2d at 261 (quoting Donaldson v. United States, 400 U.S. 517, 531 (1971)). In this case, Chesapeake has a significantly protectable interest in this action because Plaintiff's Maryland workers' compensation claim remains open with a final rating yet to be given. Under West Virginia Code § 23-4-2(c), a claimant in a deliberate intent action is limited to excess of damages over the amount received or receivable from a workers' compensation claim. Therefore, a verdict rendered against REMAC would be offset for any monetary award received in the workers' compensation proceedings. Therefore, Chesapeake has a significant interest.

4

### 3. Significant Impairment of Protection of Interest

Chesapeake would also suffer a significant impairment in protecting its interest if it was not permitted to intervene. Chesapeake continues to provide coverage under its policy to REMAC pursuant to a reservation of rights. Additionally, Chesapeake is involved in Plaintiff's pending workers' compensation claim in Maryland. If Chesapeake is not permitted to intervene, they may be exposed to inconsistent obligations in regards to compensating Plaintiff for his injuries pursuant to the workers' compensation policy.

### 4. No Adequate Protection By Existing Parties

If the party on whose side a movant seeks to intervene pursues the same result as the movant, the movant's interest is presumed adequately represented, so that the movant must show "adversity of interest, collusion, or nonfeasance." JLS, Inc. v. Public Serv. Comm'n of W. Va., 321 F. App'x 286, 289 (4th Cir. 2009) (quoting Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976)). "The movant need not show that the representation by existing parties will definitely be inadequate in this regard." Id. Indeed, the movant must only demonstrate "that representation of his interest 'may be' inadequate." Id. Therefore, the Supreme Court described the movant's burden on this matter as "'minimal.'" Teague, 931 F.2d at 262 (quoting Trbovich v. UMWA, 404 U.S. 528, 538 n. 10 (1972)). Chesapeake has met its minimal burden of demonstrating that Plaintiff and Defendant REMAC are not adequate representatives of its interest. First, Plaintiff's interest may be directly adverse as he is claiming under REMAC's workers' compensation claim, and Chesapeake is the insurer. Second, REMAC does not adequately represent Chesapeake's interest because if

REMAC is found to have acted with deliberate intent, then Chesapeake's liability under the workers' compensation policy may be limited. As such, it is in REMAC's interest to argue it did not act with deliberate intent so Plaintiff recovers damages from the workers' compensation policy rather than from REMAC. Therefore, the existing parties do not adequately protect Chesapeake's interest.

### III. CONCLUSION

Accordingly, this Court **GRANTS** Chesapeake's motion to intervene under Rule 24(a)(2). Because this Court granted Chesapeake's motion to intervene as of right, it does not address whether Chesapeake satisfies the requirements for permissive intervention.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: May 30, 2014

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE